UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAN L. OWENS,<br><br>                Petitioner,<br><br>    vs.<br><br>MIKE McDONALD, Warden,<br><br>                Respondent. | CASE NO. ED CV 11-01398 ODW (RZ)<br><br>ORDER TO SHOW CAUSE<br>RE TIMELINESS |

        The Court issues this Order To Show Cause directed to Petitioner, who is represented by counsel, because the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).

The current petition was filed on September 2, 2011. (It was lodged on August 31.) From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On March 12, 2004, a Riverside County Superior Court jury convicted Petitioner of burglary and sexual assault crimes. The jury found true certain sentence-enhancement allegations. He was sentenced to 25 years in prison.

(b) Petitioner appealed. The California Court of Appeal agreed with one of his claims, concerning sentencing, but otherwise affirmed. (He sought to appeal the balance of the judgment, but the California Supreme Court declined further direct review.) On remand, he again received a 25-year prison sentence.

(c) Petitioner appealed again. The appellate court affirmed in full on August 7, 2007. On October 24, 2007, the California Supreme Court again rejected his petition for further direct review.

(d) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after January 22, 2008, after the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(e) Nearly eight months passed. On September 17, 2008, Petitioner filed a habeas petition in the trial court. At that time, he had 127 days remaining in his AEDPA one-year limitations period. The trial court denied the petition on September 19, 2008.

(f) 73 days passed – a delay that Petitioner has not explained – before Petitioner took further action by filing another habeas petition in the California Court of Appeal on December 2, 2008. Petitioner does not receive "gap tolling" between these two

|   |   |
|---|---|
| | petitions because his delay was greater than "30 [to] 60 days" and is unexplained. *See Evans v. Chavis*, 546 U.S. 189, 191-92, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (unexplained delay exceeding the 60-day upper period noted in *Chavis* precludes gap tolling). The state appellate court denied relief a week later, on December 9, 2008. Petitioner had 54 days remaining in his AEDPA limitations period. |
| (g) | Over 13 months passed, obviously exhausting the remainder of Petitioner's one-year limitations period, before he filed another court challenge on January 25, 2010, this time a habeas petition in the California Supreme Court. The court denied relief on September 1, 2010 (not 2011 as stated in the petition, at 2). |
| (h) | Another full year passed before August 31, 2011, when Petitioner commenced this action by lodging a federal habeas petition that was filed three days thereafter. |

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale early in February of 2009, 54 days after the California Court of Appeal denied habeas relief on December 9, 2008. But even if Petitioner had not delayed so extensively in the hierarchical "gaps" between his petitions in the state trial, appellate and supreme courts, this action still would be untimely. Petitioner, who is represented by counsel, (1) only had about four months left on his AEDPA limitations period before he even *began* state-habeas efforts, and (2), after those efforts ended, he plainly waited more than four months – nearly a full year – before filing in this Court.

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: September 14, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-